JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

ATTORNEYS FOR DEFENDANT
　　LeRoy J. Watkins, Jr. (LW 9818)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER HYMAN and WILLIAM BRICKWEDDE,<br><br>　　　　Plaintiffs,<br><br>- against -<br><br>FELLOWSHIP OF RECONCILIATION,<br><br>　　　　Defendant. | 07 Civ. 11427 (WCC)<br><br>**<u>ANSWER</u>** |

　　　　Defendant FELLOWSHIP OF RECONCILIATION ("Defendant"), answers Plaintiffs' Complaint as follows:

　　　　1.　　Defendant denies the allegations set forth in Paragraph "1" of Plaintiffs' Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to the laws cited.

　　　　2.　　Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "2" of Plaintiffs' Complaint, except admits that Plaintiff Jennifer Hyman was born on September 13, 1947 and Plaintiff William Brickwedde was born in October 1949.

　　　　3.　　Defendant denies each and every allegation set forth in Paragraph "3" of Plaintiffs' Complaint, except admits that Defendant operates an office at the address referred to

therein and is an employer under the New York State Executive Law.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "4" of Plaintiffs' Complaint except admits that Plaintiffs filed a charge of discrimination and received a dismissal and notice of rights from the Equal Employment Opportunity Commission.

5. Defendant denies each and every allegation set forth in Paragraph "5" of Plaintiffs' Complaint.

6. Defendant denies each and every allegation set forth in Paragraph "6" of Plaintiffs' Complaint except admits the ages of Marie Deremeik, Theresa Florentino, Randal Davis, Yvonne Royster, Jennifer Hyman, William Brickwedde, Barbara George and Janet Chisolm as of their last day of employment with Defendant.

7. Defendant denies each and every allegation set forth in Paragraph "7" of Plaintiffs' Complaint.

8. Defendant denies each and every allegation set forth in Paragraph "8" of Plaintiffs' Complaint.

9. Defendant denies each and every allegation set forth in Paragraph "9" of Plaintiffs' Complaint.

## AS TO "AS AND FOR A FIRST CAUSE OF ACTION"

10. Defendant denies each and every allegation set forth in Paragraph "10" of Plaintiffs' Complaint.

AS TO "AS AND FOR PLAINTIFFS' PENDANT STATE CAUSE OF ACTION"

11.  Defendant admits the allegations set forth in Paragraph "11" of Plaintiffs' Complaint.

12.  Defendant denies each and every allegation set forth in Paragraph "12" of Plaintiffs' Complaint.

13.  Defendant neither admits nor denies the allegations set forth in Paragraph "13" of Plaintiffs' Complaint on the grounds that said paragraph contains no factual allegations but only legal conclusions to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or for which the damages sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and/or filing periods.

### THIRD AFFIRMATIVE DEFENSE

Defendant's actions with respect to Plaintiffs were based on legitimate, nondiscriminatory, non-prohibited reasons and/or for good cause.

### FOURTH AFFIRMATIVE DEFENSE

All of Defendant's actions were taken for legitimate non-discriminatory business reasons unrelated to Plaintiffs' age.

FIFTH AFFIRMATIVE DEFENSE

Assuming *arguendo* that an impermissible consideration may have affected any decision regarding Plaintiffs, the decisions about which Plaintiffs complain would have been taken in any event for legitimate, non-discriminatory reasons.

SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted against Defendant are barred, in whole or in part, for failure to mitigate any alleged damages.

SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines.

EIGHTH AFFIRMATIVE DEFENSE

Each and every action taken by Defendant with respect to Plaintiffs was justified by business necessity.

NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend its answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for appropriate discovery.

WHEREFORE, Defendant prays that the Court:

Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

(a) Deny each and every demand, claim and prayer for relief contained in Plaintiffs' Complaint;

(b) Award Defendant reasonable attorneys' fees and costs incurred in defending this meritless and frivolous action; and

(c)  Grant such other and further relief as the Court deems just and proper.

Dated: January 11, 2008
       New York, New York

                                        Respectfully submitted,

                                        JACKSON LEWIS LLP
                                        59 Maiden Lane
                                        New York, New York 10038
                                        (212) 545-4000

                            By:         _____
                                        LeRoy J. Watkins, Jr. (LW 9818)

                                        ATTORNEYS FOR DEFENDANT

Litigation\110060 pleading001-ans.doc

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

ATTORNEYS FOR DEFENDANT
    LeRoy J. Watkins, Jr. (LW 9818)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER HYMAN and WILLIAM BRICKWEDDE,<br><br>Plaintiffs,<br><br>- against -<br><br>FELLOWSHIP OF RECONCILIATION,<br><br>Defendant. | 07 Civ. 11427 (WCC)<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that true and correct copies of Defendant Fellowship of Reconciliation's Answer and Affirmative Defenses and this certificate of service were filed electronically via the Court's ECF system. The aforementioned documents and a copy of the notice of electronic filing were served upon Plaintiff's counsel, Robert David Goodstein, Esq., 56 Harrison Street, Suite 401, New Rochelle, New York 10801, by sending said documents via overnight mail, on January 11, 2008.

                                                              _____
                                                                Karen Haskins